RAPHAEL CAZZAZA, Respondent, v. JOSEPH SETTEL, Appellant.— Order granting motion to open default affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

HARRY CRAM, an Infant, by J. SERGEANT CRAM, His Guardian ad Litem, Respondent, v. WHEATLEY HILLS NATIONAL BANK, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

CRENSHAW ENGINEERING & CONSTRUCTION Co., INC., Appellant, v. NEW YORK MUNICIPAL RAILWAY CORPORATION, Respondent, Impleaded with LINDLEY M. GARRISON, as Receiver of NEW YORK MUNICIPAL RAILWAY CORPORATION, Respondent, Appellant, and THE ÆTNA CASUALTY AND SURETY COMPANY and Others, Respondents.— On the appeal of Crenshaw Engineering & Construction Co., Inc., against New York Municipal Railway Corporation and Lindley M. Garrison, as receiver of New York Municipal Railway Corporation, judgment unanimously affirmed, with costs. On the appeal of Lindley M. Garrison, as receiver of New York Municipal Railway Corporation, judgment in favor of the Ætna Casualty and Surety Company, Fidelity and Deposit Company of Maryland, and London and Lancashire Indemnity Company of America, reversed upon the law, and judgment unanimously directed in favor of said receiver, appellant, against said surety companies in the amount of the obligation of each as specified in the bond. On the appeal of Lindley M. Garrison, as receiver of the New York Municipal Railway Corporation, from the judgment in favor of New England Equitable Insurance Company, judgment unanimously affirmed, with costs. We are satisfied that the evidence showed conclusively that the receiver was not indebted to the plaintiff contractor on March 19, 1919, but that the contractor at that time had been overpaid. The contractor acquiesced in the engineer's certificate and the receiver's direction thereon declaring the contractor in default, by its letter of March 22, 1919, which confessed the inability of the contractor to proceed with the work but gave as reasons therefor the refusal of the receiver to readjust the contract, which he was not legally obliged to do, and delays to which the contractor asserted it had theretofore been subjected, which were legally waived by it in continuing with the work. As to the respondents the Ætna Casualty and Surety Company, Fidelity and Deposit Company of Maryland, and London and Lancashire Indemnity Company of America, we are of the opinion that in the circumstances shown the receiver, as matter of law, did all that was necessary within a reasonable space of time to hold said surety companies upon their bond; and, furthermore, that said surety companies established nothing upon the trial indicating that they were in any wise prejudiced or harmed before being notified by the receiver that they would be held for the contractor's default and giving them an opportunity to complete the contract. As to the New England Equitable Insurance Company, we sustain the judgment in its favor upon the ground that it in no wise consented to the supplemental agreement of May 16, 1918, which materially modified the original contract and released both the contractor and railway corporation from their theretofore existing liabilities and obligations. Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ.

CRENSHAW ENGINEERING & CONSTRUCTION Co., INC., Respondent, v. NEW YORK MUNICIPAL RAILWAY CORPORATION, Defendant, Impleaded with LINDLEY M. GARRISON, as Receiver of NEW YORK MUNICIPAL RAILWAY CORPORATION,

and Another, Appellants, and THE ÆTNA CASUALTY AND SURETY COMPANY and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ., concur.

CRESCENT WET WASH LAUNDRY, INC., Respondent, v. GEORGE A. HUBBARD and Another, Appellants.— Order granting injunction *pendente lite* affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

JOSEPH J. CURRY and Others, Copartners, etc., and Another, Respondents, v. WILLIAM P. MARVEL and Others, Appellants.— Order granting injunction *pendente lite* affirmed on argument, with ten dollars costs and disbursements. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

MARGARET DAVIS, Respondent, v. ST. GEORGE LAUNDRY, INC., Appellant.— Order granting motion for leave to prosecute as a poor person affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

HERMAN EXMAN and Another, Trading as UNIVERSAL BAG STAND MANU-FACTURING COMPANY, Respondents, v. ECONOMY MERCANTILE CORPORATION, Appellant.— Judgment and order reversed on the law and the facts, and new trial granted, with costs to abide the event, on the ground that the verdict of the jury that there was an anticipatory breach of the contract in suit was against the weight of the evidence. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.

FEDERAL CHEMICAL COMPANY OF NITRO, Responent, v. SAMUEL STERN, Appellant.— Order affirmed, with ten dollars costs and disbursements. The affidavits presented in support of the motion to vacate the order of arrest, and those filed in opposition thereto, are so conflicting in their statements that it is impossible to determine the exact situation existing between the parties. A trial of the issues is necessary. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

PHILIP GREENBERG, Appellant, v. DAVID BERMAN and Others, Respondents. (Appeal No. 1.) — Appeal from order granting motion to open default dismissed, without costs, it appearing that the action has been tried upon the merits since the opening of the default. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

PHILIP GREENBERG, Appellant, v. DAVID BERMAN and Others, Respondents. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

JOSEPH HORACK, Respondent, v. SOUTH SHORE MOTOR TRANSPORTATION COMPANY, INC., Appellant.— Judgment unanimously affirmed, on reargument, with costs. No opinion. [See *ante*, p. 836.] Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

In the Matter of the Petition of the VILLAGE OF RYE, by Its Board of Trustees, Respondent, to Acquire Certain Lands, against RYE LAND AND IMPROVEMENT COMPANY and Another, Appellants, Impleaded with Another, Defendant. (Proceeding No. 1.) — Judgment (final order) unanimously affirmed, with costs. We agree with the views expressed in the opinion of the learned justice at Special Term. Present — Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ.

In the Matter of the Petition of the VILLAGE OF RYE, by Its Board of Trustees, Respondent, to Acquire Certain Lands, against RYE LAND AND IMPROVEMENT